**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4120**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CEDRICK DION TYRON GRIFFIN, a/k/a Tay,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00020-TSK-MJA-1)

_____

Submitted:  October 16, 2025                    Decided:  October 21, 2025

_____

Before KING, AGEE, and RICHARDSON, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  L. Richard Walker, First Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Jordan Vincent Palmer, Assistant United States Attorney, Christopher James Prezioso, Assistant United States Attorney, Wheeling, West Virginia, Eleanor F. Hurney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedrick Dion Tyson Griffin pled guilty, pursuant to a plea agreement, to possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Griffin to 168 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Griffin's guilty plea is valid. Griffin was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Griffin's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

2

Our review of the record confirms that Griffin knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable.

Griffin's appellate waiver, however, does not bar our consideration of the validity of his guilty plea. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Griffin did not attempt to withdraw his guilty plea, we review any challenge to the validity of the plea for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). We conclude that the magistrate judge did not err, plainly or otherwise, in accepting Griffin's plea. The magistrate judge substantially complied with Rule 11 and properly found that Griffin's plea was knowing, voluntary, and supported by an independent factual basis. *See Taylor-Sanders*, 88 F.4th at 522.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Griffin's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*